Mr. Justice Richardson
delivered the opinion of the court:
The first question is, was this a Case of contract, so as to be embraced within the jurisdiction of a justice of the peace, or was it one as is expressed in the act of 1791, — • (2 Faust, 53,) “ sounding in damages?” It is plain that the claim arose from the breach of an express warranty, — that the watch would run for one year. It 'was then in the nature of a debt, because it arose ex contractu, and was therefore plainly within the jurisdiction of a magistrate. (1 Faust, 53. J
The second question is, was the case legally submitted ? The objection is, that the Justice suffered the plaintiff to prove his own claim.
But the act of 1747, (R. L. 214, 1 Brevard, 466, j expressly authorizes the Justice to swear the parties litigant, and if the defendant will not offer to deny the debt on oath, the oath of the plaintiff shall be sufficient to prove it. The testimony of the plaintiff then was legal, as well as the case within the jurisdiction of the Justice. To prohibit his proceeding, would be to oust the Justice in a case which is plainly within his cognizance. (See McDonald & Bomer vs. Elfe, 1 Nott & McCord, 501, and State vs. Wakely, 2 Nott & McCord, 410. )
The motion is therefore dismissed.
Justices Huger, Nott, 'Colcock, Gantt and Johnson$ concurred.